GEORGE W. WARD *vs.* WILLIAM BARTLETT & others.

If the answer in an action for trespass *quare clausum fregit* simply denies the allegations of
the declaration, the defendants cannot be allowed to show that they did the acts com-
plained of under the authority of one who was entitled to the possession.

COLT, J.   This was an action of tort, in the nature of tres-
pass *quare clausum fregit*.   The plaintiff, to prove his possession,
offered evidence that he was in under Wagner, one of the de-
fendants, who had been defaulted.   His possession we infer was
that of tenant at will, and as such was sufficient to support his
action.   The defendants offered in defence a written lease of the
premises from said Wagner to one Gergler, and further offered
evidence that they did the acts complained of as the agents and
by the command of Gergler.   And the question is, whether this
evidence was admissible under the answer.   The case is governed
by the rules of pleading established by the practice act, the pur-
pose of which was to secure more effectually full notice to the
plaintiff of the specific grounds upon which the defence is to be
placed.   The answer here is a general denial of the plaintiff's
allegations.   If the evidence offered tended to disprove a mate-
rial allegation in the writ, it was competent; but if to sustain an
independent substantive matter of defence not involved in the
pleadings of the parties, then it was rightly rejected.

The execution of the lease did not terminate the plaintiff's
possession; it did no more than change that possession from
that of tenant at will to that of tenant by sufferance.   But as
tenant of the latter description the plaintiff had sufficient pos-
session to maintain trespass against strangers.   And proof of
the execution of the lease to Gergler therefore was wholly im-
material, without further evidence offered by them that they
entered and did the acts as agents of the lessee.   It was this
evidence of the relation which the defendants sustained to
Gergler, disclosing a fact not embraced in the allegations neces-
sary to support the plaintiff's case, but necessary in order to
defeat the plaintiff's possession as against them, and without

which the execution of the lease amounted to nothing, which we think required an allegation in the defendants' answer to render it admissible. The plaintiff would have no means of knowing, even if he had been informed of the lease, that these defendants acted as agents of the lessee. It was a substantive matter in defence, and should have been pleaded. It was in the nature of a justification under the license and authority of a third person having, as it was claimed, title and possession of the premises. *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541. *Knapp* v. *Slocomb,* 9 Gray, 73. *Snow* v. *Chatfield,* 11 Gray, 12. 1 Chit. Pl. (6th Amer. ed.) 161. *Exceptions overruled.**

*M. Stevens,* for the defendants.

*R. F. Fuller,* for the plaintiff.

---

* A similar point was decided at January term 1867 for the county of Essex, in the case of